UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | |
|---|---|
| Case No. | CV 15-6171 DSF (PJWx) |
| Title | Anthony Bell v. Ramin Bral, et al. |
| Date | 09/20/16 |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant Kimleang Say's Motion for Summary Adjudication (Dkt. 59)

## I.  INTRODUCTION

Defendant Kimleang Say moves for summary judgment of all claims brought by Plaintiff Anthony Bell, or in the alternative, for summary adjudication of Bell's federal claim and a request that the Court decline supplemental jurisdiction over Bell's state law claims. Bell alleges that Say violated federal and California disability laws and was negligent for failing to ensure the aisles in Say's store were accessible by having the minimum clear width. Defendant's motion for summary adjudication of Bell's ADA claim is granted.

## II.  UNDISPUTED FACTS

Bell patronized Say's store, located in Long Beach, California. Statement of Undisputed Facts (SUF) 1, 2. When walking, Bell sometimes uses a mobility aid other than a wheelchair, such as a cane or walker. SUF 2, 4. Beginning in January 2015, Bell encountered certain obstacles in the aisles of the store. SUF 3, 7. This meant that, at

times, Bell believes the aisles he encountered provided less than 36 inches of unobstructed walking space. SUF 5, 12.

When the church Bell attended next door to the store relocated in June 2015, Bell stopped going to the store. SUF 9, 10. As of June 2015, Bell "possibly" had plans of returning to the store. SUF 8, 10.

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citations omitted).

Specific facts are required; conclusory allegations will not suffice. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). A party generally cannot create a genuine issue by submitting an affidavit that contradicts his prior deposition testimony. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). However, where there is an honest discrepancy or mistake, or newly discovered evidence and the contradictory declaration is not a "sham," the court should not disregard it. See id. at 267.

Standing is a question of law. In re ATM Fee Antitrust Litig., 686 F.3d 741, 747 (9th Cir. 2012). When standing is challenged on summary judgment, "if there is a genuine issue of material fact, then summary judgment is inappropriate without the

district court resolving the factual dispute." Id. Where, as here, the plaintiff fails to raise a triable issue, there is no factual dispute to resolve, and summary judgment is appropriate. See id.

## IV. DISCUSSION

### A. Standing

The party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). "In response to a summary judgment motion[], the plaintiff can no longer rest on [] 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." Id. (citations omitted). Here, Bell "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [s]tore's actions, and that the injury can be redressed by a favorable decision. In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." Id. at 950. "Thus, [the Court has] Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of a noncompliant accommodation and to prevent imminent 'discrimination,' as defined by the ADA, against a disabled individual who plans to visit a noncompliant accommodation in the future." Id.

Bell filed his initial Complaint in August 2015. He admits the church he attended next door to the store relocated in June 2015 and so he stopped going to the store. SUF 9. Bell has not been back to that location after June 20, 2015. SUF 10. Asked whether, as of June 2015, Bell had plans of returning to the store, he responded, "Possibly." SUF 8. Bell agreed "[t]here is a theoretical possibility [he] might go back, but no particular reason why [he] would expect to go back to the market on a regular or ongoing basis at any time." SUF 10.

Bell does not dispute any of the above facts, but nonetheless points to other testimony that purports to demonstrate "he has both a reason to return and that he has a 'plan to go back.'" Plaintiff's Stmt. Gen. Issues, ¶¶ 8, 10 (citing Bell Depo. at 69:1-71:20). Bell testified that "one of the other churches that are there or the Bible study

groups meets over there still, and so it's *possible* that I *might* accept an invitation from them to go back or to try to help." Bell Depo. at 69:14-17 (emphases added). He testified that in early 2016 he received one such invitation, but declined it due to a scheduling conflict. Id. at 69:18 – 70:3. When asked whether "[o]utside of sort of theoretical possibilities that you might be invited back and you might attend, since July, 2015, you had no actual plans of going back to either the storefront next door where the churches operate or [the] store; correct?" Bell testified: "I plan to go back over *one day*. I just don't know when." Id. at 71:14-20 (emphasis added). Bell then testified it was correct that "in [his] mind, it is possible [he] will go back *one day*, but [he has] no idea when. [He has] no idea of the circumstances." Id. at 71:21-24 (emphasis added). Finally, Bell also attaches a declaration to his Opposition, where he states:

> I was a pastor at the World Harvest Church and was involved with other churches that operate in the building directly adjacent to the Market. Therefore, the Market is a convenient place for me to shop for drinks, snacks or church supplies, such as toilet paper or air freshener. Although the World Harvest Church [h]as moved, the other churches remain in the location next door to the Market and I receive regular invites from those churches to attend and plan on doing so in the near future.

Bell Decl., ¶¶ 7-8.

Considering all the testimony in the light most favorable to Bell, Bell's evidence that he intends to return to the store amounts to "some day" intentions insufficient to support standing. See Lujan v. Defs. of Wildlife, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.") (emphasis in original). Courts have found standing in ADA cases where the plaintiff fails to articulate a definite plan to return to a place individuals often do not make definite plans to return to—such as ATMs or markets. But those cases are distinguishable because case concerned a plaintiff who typically traveled to the area or lived in close proximity to the area.

Bell's own testimony indicates that when he filed his Complaint[1] he had stopped going to the area near the store and—at most—it was "*possible* that [he] *might* accept an invitation from [other churches in the area] to go back or to try to help." Bell Depo. at 69:14-17 (emphases added); compare D'Lil, 538 F.3d at 1037–38 (ADA standing existed where plaintiff demonstrated frequent trips to area before and after filing complaint and provided detailed testimony about preference for staying at defendant's hotel). Bell's

---

[1] "The evidence relevant to the standing inquiry consists of the facts as they existed at the time the plaintiff filed the complaint." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

testimony also indicates traveling to a church in the area is a condition precedent to going to the store.  See Bell Depo. at 69:14-17; see also Bell Decl., ¶¶ 7-8.  Nowhere does Bell testify that he would travel to the area solely to patronize the store.  Bell's argument that "ATM machines or convenient markets are different than more substantial venues and do not require specific plans" is thus unavailing.  Finally, all the cases Bell relies on concerned motions to dismiss, rather than motions for summary judgment.  See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1325 (11th Cir. 2013); Daniels v. Arcade, L.P., 477 F. App'x 125, 127 (4th Cir. 2012); Sawczyn v. BMO Harris Bank Nat. Ass'n, 8 F. Supp. 3d 1108, 1110 (D. Minn. 2014).  General factual allegations may suffice to demonstrate standing at the pleading stage, but in response to a motion for summary judgment the plaintiff can no longer rely on "mere allegations" and must put forth specific facts.  Lujan v. Defs. of Wildlife, 504 U.S. at 561.  Bell's argument is unpersuasive.

      Instead, Bell's evidence (his own testimony) establishes that his intent to return to the store is too conditional and speculative to raise a triable issue.  See City of Los Angeles v. Lyons, 461 U.S. 95, 108–09 (1983) (holding that a plaintiff who had been subjected to an illegal chokehold by police did not have standing to pursue a prospective injunction against the use of chokeholds because it was too speculative that he would be stopped and illegally choked again).  Although testifying generally that he plans to go back to the store "one day," Bell cannot indicate the precise circumstances when that will occur because it depends on: *if* he receives an invitation from a nearby church, *if* he can accept that invitation (for example, because it does not conflict with his schedule), and then *if* he attends the event and *if* while in the area attending an event at these other churches he has a need to go to the store.  See, e.g., Bell Decl., ¶¶ 7-8; see also Bell Depo. at 165:13-18 ("But, remember, I was sharing earlier about the churches sometimes do things together.  So *if* you have to run to get something from the store, that's where we would do it.") (emphasis added).

      "The chain of events leading to injury [] is simply too hypothetical and attenuated to constitute injury in fact."  Munns v. Kerry, 782 F.3d 402, 411 (9th Cir. 2015) (no standing "given the many inherent contingencies" where plaintiff sought "a declaration of his rights, *if* he elects to serve again, *if* he is hired by a contractor, *if* he is shipped overseas, *if* CPA Order 17 is still in effect or *if* another similar order instead governs, and, with respect to the kidnapping declaration, *if* he is kidnapped, and *if* he is then held hostage.") (internal quotation marks omitted) (emphases in original).[2]

---

[2] In his declaration, Bell adds: "I intend to patronize the Market once the violations are removed and the Market is accessible to disabled persons."  Bell Decl. at ¶ 15.  Nowhere in his Opposition does Bell cite to this statement.  "The district judge is not required to comb the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Bell lacks standing to bring his ADA claim because he "failed to articulate a *concrete plan*[ ] to return to the store or to the geographic area where the store is located. Rather, he has articulated only 'some day' intentions that do not support a finding of actual or imminent injury." Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015) (internal quotation marks omitted and alteration in original) (emphasis added) (quoting Lujan, 504 U.S. at 564 and D'Lil, 538 F.3d at 1037-38).

Nor has Bell established standing based on "deterrence." See Feezor, 608 F. App'x at 477 ("To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier."). None of Bell's testimony speaks to deterrence. Even Bell's declaration stating he intends to use the store "once the violations are removed and the Market is accessible to disabled persons" is insufficient. Bell Decl. at ¶ 15; see Feezor, 608 F. App'x at 477 ("Plaintiff's conclusory statements that he is deterred from visiting [the store] are insufficient to demonstrate that he would shop at [the store] if it were accessible"); cf. Bell Depo. at 71:7-9 (testifying he had not been to the store as of October 2015 and "I don't believe that I had to go next door for anything").

Say's motion for summary adjudication as to the ADA claim is granted.

## B. Supplemental Jurisdiction

Say argues that if the Court grants summary adjudication on Bell's ADA claim, it should also decline to exercise supplemental jurisdiction over Bell's state law claims. Bell does not argue to the contrary. Under 28 U.S.C. § 1367(c), and for the reasons stated in Say's papers, the Court declines to exercise supplemental jurisdiction. Bell's state law claims against Say are dismissed without prejudice.

---

record to find some reason to deny a motion for summary judgment." Forsberg v. Pac. Nw. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988). "A party opposing summary judgment must direct our attention to specific, triable facts." S. California Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003). In any event, this statement comes close to an improper attempt to create a genuine issue by submitting an affidavit contradicting prior deposition testimony. Kennedy, 952 F.2d at 266. Still, the Court need not find this statement is a "sham," because considering it in the context of Bell's other testimony—including other statements in the same declaration—makes clear that his intention to patronize the store depends on factors such as whether he is invited to an event, whether he accepts the invitation, and whether he has a need to patronize the store while in that area—and so are still too conjectural and hypothetical to raise a triable issue. See also Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 868 (9th Cir. 2014) ("[Plaintiff] cannot manufacture standing through bald assertion, contradicted by the record").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### V. CONCLUSION

The Court grants summary adjudication as to Bell's claim under the ADA. The Court declines to exercise supplemental jurisdiction, and so dismisses Bell's remaining state law claims without prejudice.

IT IS SO ORDERED.