CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
          San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
          San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com
          Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Anthony Bell**, <br><br>　　　Plaintiff, <br><br>　v. <br><br> **Ramin Bral;** <br> **Kimleang Say**; and Does 1-10, <br><br>　　　Defendants. | **Case:** 2:15-CV-06171-DSF-PJW <br><br> **Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Notice of and Motion to Amend Judgment [FRCP 59(e)]** <br><br> Date:　November 7, 2016 <br> Time:　1:30 p.m. <br> Ctrm:　840 <br><br> Hon. Judge Dale S. Fischer |

## I. INTRODUCTION

On August 1, 2016, Defendant Kimleang Say ("Defendant") filed a motion for summary judgment seeking, among other things, an order dismissing Plaintiff's cause of action under the Americans with Disabilities Act ("ADA") based on mootness. Defendant also requested that the Court decline to extend supplemental jurisdiction over Plaintiff's remaining state law claims. (Dkt. No. 59). Plaintiff filed an opposition brief on August 10, 2016. (Dkt. No. 70). On September 20, 2016, the court issued an order granting summary adjudication in favor of Defendant as to Plaintiff's ADA claims on the grounds that Plaintiff lacked standing to pursue injunctive relief. The Court dismissed Plaintiff's state law claims without prejudice. (Dkt. No. 82). On the same day, the Court issued a corresponding Judgment, which also stated that Defendant Kimleang Say is entitled to "recover the costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920." (Dkt. No. 84).

Plaintiff moves the Court to amend the Judgment to remove the provision entitling Defendant to costs of suit.

## II. DEFENDANT IS NOT ENTITLED TO COSTS OF SUIT

Rule 59(e) permits parties to move to alter or amend a judgment within 28 days after the entry of the judgment. F.R.C.P. 59(e). One of the purposes of a motion to amend a judgment is to correct manifest errors of law or fact. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985); see also *Ruscavage v. Zuratt*, 831 F.Supp. 417, 418 (E.D. Pa. 1993).

Here, the Court entered Judgment in favor of Defendant on September 20, 2016, twenty days before the date of this motion. Thus, the motion is timely. In granting summary judgment in favor of Defendant, the Court found that Plaintiff is not entitled to injunctive relief because he

1  lacked standing under the ADA. Specifically, the Court found that "Bell's
2  evidence that he intends to return to the store amounts to "someday"
3  intentions insufficient to support standing" and that "his intent to return to
4  the store is too conditional and speculative to raise a triable issue." (Dkt.
5  No. 82, pp. 4-5). The Court also found that Plaintiff lacked standing based
6  on deterrence. (Dkt. No. 82, p. 6).

7  It is well established that "[i]n the Ninth Circuit, summary judgment
8  on standing grounds is not considered a judgment on the merits entitling
9  defendants to an award of attorney's fees and costs as prevailing parties
10 under the ADA." *Feezor v. Lopez De-Jesus*, 439 F. Supp. 2d 1109, 1111
11 (S.D. Cal. 2006)(citing *Molski v. Mandarin Touch Restaurant*, 2005 WL
12 3719631 *1 (C.D. Cal. 2005); see also *Harris v. Stonecrest Care Auto
13 Center, LLC*, 559 F.Supp.2d 1088, 1090 (S.D. Cal. 2008). Moreover,
14 federal rules of civil procedure state that a dismissals, "except one for lack
15 of jurisdiction…" are judgments on the merits. F.R.C.P. 41(b).

16 Thus, because the award of summary judgment was based on
17 Plaintiff's lack of standing, Defendant should not be entitled to costs of
18 suit. Plaintiff respectfully requests that the Court amend the Judgment
19 accordingly.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion and amend the judgment entered in this case.

| | | |
|---|---|---|
| 1 | Dated: October 10, 2016 | CENTER FOR DISABILITY ACCESS |
| 3 | | By:  /s/ Isabel Rose Masanque |
| 4 | | Isabel Rose Masanque |
| | | Attorneys for Plaintiff |